IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAPITAL ONE BANK,

                                                                                           OPINION AND ORDER

                      Plaintiff,

                                                                                         10-cv-617-slc[1]

     v.

GABRIELLE L. GLAVIN,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Gabrielle Glavin has filed a notice of removal of a state breach of contract case filed in Circuit Court for Juneau County, Wisconsin. In the underlying state case, plaintiff Capital One Bank seeks to collect on unpaid credit card debt owed by defendant. The notice of removal is signed by defendant Gabrielle Glavin as well as John A. Glavin, who was not listed as a party in the electronic record of the state court. Also, in the notice of removal, the Glavins have altered the caption of the original case by naming themselves third-party plaintiffs, and listing plaintiff Capital One Bank as a third-party defendant along with other third-party defendants "All Officers & Board of Directors of Capital One Bank, Kohn Law Firm, Kevin T. White and All Partners of Kohn Law Firm, Juneau County Circuit Court." For purposes of issuing this order, I will continue to use the version of the caption

---

[1] For the purposes of issuing this order, I am assuming jurisdiction over the case.

1

that was used in state court. The analysis contained in this order would be the same no matter which caption is used or whether John A. Glavin is a party.

Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. An action may be removed from state to federal court if the federal district court would have had original jurisdiction over the complaint had it been filed originally in the federal court. 28 U.S.C. § 1441. In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332.

I conclude that defendant fails to show that this case qualifies for removal and will therefore remand it to state court. Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (burden of establishing federal jurisdiction is on party seeking removal). Plaintiff's claim for breach of the credit card contract does not raise a federal question and defendant has not established the existence of diversity jurisdiction. Defendant does not identify plaintiff's citizenship, but she argues that her citizenship cannot be the same as

plaintiff's because she is a "real sovereign sentient . . . woman," a citizen "of the Wisconsin Republic" and not a citizen "of the De facto Federal State of Wisconsin." This "sovereign citizen" argument has been rejected repeatedly by courts. See, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shop worn" and frivolous).

Assuming that defendant is a citizen of the state of Wisconsin, I would usually give her a chance to clarify her assertion of diversity jurisdiction by explaining plaintiff's citizenship. However, this is unnecessary because the case clearly does not meet the requirement that amount in controversy exceed $75,000. As alleged in the complaint, the debt defendant owed plaintiff was $824.97.


ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Juneau County, Wisconsin. The clerk of court is directed to return the record to the state court.

Entered this 31st day of March, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge